```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

OMNIPOL, A.S. and
ELMEX PRAHA, A.S.,

        Plaintiffs,
v.                               Case No. 8:19-cv-794-T-33TGW

MULTINATIONAL DEFENSE SERVICES,
LCC ET AL.,

        Defendants.
_____/

**ORDER**

Before this Court is Plaintiffs Omnipol, a.S. and Elmex Praha, a.S.'s Motion to Stay Case (Doc. # 10), filed on May 10, 2019. Defendants Angelo and Lisa Saitta responded in opposition on May 20, 2019. (Doc. # 30). For the reasons that follow, the Motion is denied.

**I.   Background**

On April 3, 2019, Omnipol and Elmex filed this action against the Saittas, as well as Defendants Multinational Defense Services, LCC, Christopher Worrell, James Brech, Robert Para, Bryan Siedel, Amy Strother, and Kirk Bristol. (Doc. # 1). According to the Complaint, Omnipol and Elmex were victims of Defendants' multi-year "fraudulent scheme of delivering defective, near valueless arms and ammunitions" to

1

the U.S. Special Operations Command. (Id. at 2-3). Omnipol and Elmex allege Purple Shovel, LLC – a company formed by Worrell, Para, and Brech – was used as the "vehicle" to commit the fraud. (Id. at 2, 9). Omnipol and Elmex bring claims against Defendants – but not Purple Shovel – for fraud, unjust enrichment, and violations of state and federal racketeering statutes. (Id. at 22-32).

On April 30, 2019, the Trustee for Purple Shovel filed a suggestion of bankruptcy, stating Purple Shovel had voluntarily filed for Chapter 11 bankruptcy on June 1, 2018. (Doc. # 7). The Trustee explained "the automatic stay provisions of the Bankruptcy Code are in effect and that no further action may be undertaken by any party against [Purple Shovel]" in this case without prior approval of the bankruptcy court. (Id. at 1). The suggestion of bankruptcy was "filed in an abundance of caution as the Complaint appears to allege fraudulent transfers from [Purple Shovel] to or for the benefit of various third parties." (Id. at 1 n.1). In response Omnipol and Elmex – creditors of Purple Shovel in the bankruptcy case – request the Court stay this action until the bankruptcy court determines the applicability of the stay under 11 U.S.C. § 362 to this action. (Doc. # 10).

## II. **Analysis**

District courts have "broad discretion to stay proceedings." Clinton v. Jones, 520 U.S. 681, 706 (1997). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Furthermore, "[a] district court's inherent power to stay proceedings is not mitigated or obviated by § 362(a)." Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., No. 09-249-WS-N, 2009 WL 2413664, at *3 n.6 (S.D. Ala. Aug. 3, 2009).

Whether a proceeding should be stayed "is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." Dunn v. Air Line Pilots Ass'n, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) (quoting Landis, 299 U.S. at 254-55). "[C]ourts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." Brent

v. Source Interlink Distrib., LLC, No. 2:14-cv-52-FtM-38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).

Omnipol and Elmex argue this action should be stayed until the bankruptcy court determines the applicability of the automatic stay under Section 362 to this action. (Doc. # 10). Under Section 362, a debtor's filing of a bankruptcy petition operates as an automatic stay of the commencement or continuation of a previously commenced judicial proceeding against the debtor. Ellison v. Nw. Eng'g Co., 707 F.2d 1310, 1311 (11th Cir. 1983) (citing 11 U.S.C. § 362(a)(1)). "The clear language of Section 362, however, only stays the action automatically against a debtor." Jerome v. Hertz Corp., No. 2:12-cv-610-FtM-38DNF, 2013 WL 6815907, at *1 (S.D. Fla. Dec. 24, 2013) (citations omitted).

Purple Shovel, the debtor in the bankruptcy proceeding, is not a party in this action. Purple Shovel's owners and persons who allegedly participated with Purple Shovel in its fraudulent scheme are defendants, but none of these defendants are debtors in the bankruptcy proceeding. See In re Fiddler's Creek, LLC, No. 9:10-bk-03846-ALP, 2010 WL 6618876, at *2 (Bankr. M.D. Fla. Sept. 15, 2010) ("The automatic stay under section 362 of the Bankruptcy Code does

4

not act as a stay against a creditor pursuing truly independent causes of action against the Debtors' officers, directors or shareholders.").

True, "in unusual circumstances, courts have stayed matters against non-debtor defendants." Jerome, 2013 WL 6815907, at *1. "Unusual circumstances" include "when there is such identity between the debtor and the third-party defendant . . . that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Lanard Toys Ltd. v. Toys "R" Us-Del., Inc., No. 3:15-cv-849-J-34PDB, 2017 WL 5256870, at *4 (M.D. Fla. Nov. 13, 2017) (quoting Kreisler v. Goldberg, 478 F.3d 209, 213 (4th Cir. 2007)). Nevertheless, the issue of whether there are "unusual circumstances" that warrant extending the automatic stay to the non-debtor defendants in this case is not before the Court. Furthermore, as Omnipol and Elmex concede, the bankruptcy court is the more appropriate forum for determining whether unusual circumstances exist. See Fratelli Cosulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC, No. 13-00545-KD-C, 2014 WL 2611547, at *7 (S.D. Ala. June 11, 2014) ("[T]he bankruptcy court is the appropriate venue for determining whether [the non-party Chapter 7 debtor's]

5

automatic stay should apply to this action."); Lee v. RCN Corp., No. 03 C 5866, 2004 WL 2108577, at *1 (N.D. Ill. Sept. 20, 2004) ("The bankruptcy court is in the best position to evaluate the effect on the bankruptcy estate, if any, of litigation against a nondebtor co-defendant.").

Omnipol and Elmex contend that if they are "forced to continue prosecuting this case, including by responding to the pending Motion to Dismiss, [they] face imposition of severe sanctions for violating a court order." (Doc. # 10 at 2). However, the bankruptcy court has yet to determine whether the automatic stay applies to the non-debtor defendants in this case. Section 362 automatically stays an action only against a debtor; unusual circumstances must first be found before a stay is extended to a non-debtor. Thus, unless and until the bankruptcy court makes this determination, the automatic stay does not apply to the non-debtor defendants in this action. See In re Excel Innovations, Inc., 502 F.3d 1086, 1096 (9th Cir. 2007) ("[S]tays under the [unusual circumstances] doctrine, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration

of the bankruptcy estate." (quotation marks and citation omitted)); Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) (noting a finding of unusual circumstances does not mean the stay applies automatically to actions against non-debtors).

The Court notes that the bankruptcy court is scheduled to conduct a hearing on Omnipol and Elmex's motion to determine the applicability of the stay on June 17, 2019. See In re Purple Shovel, LLC, 8:18-bk-4599 (Doc. # 235). Therefore, regardless of the bankruptcy court's determination, the parties will not be unduly burdened or prejudiced by proceeding in this case for such a short period.

In sum, Omnipol and Elmex have not demonstrated a clear case of hardship or inequity if the case proceeds. Therefore, unless and until the bankruptcy court determines the automatic stay applies, this action will proceed. Consequently, the Motion to Stay Case is denied. Likewise, the Motion for Status Conference on the effect of the bankruptcy stay on this case (Doc. # 33) is denied as moot.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Omnipol, a.S. and Elmex Praha, a.S.'s Motion to Stay Case (Doc. # 10) is **DENIED**.

(2) Omnipol and Elmex's Motion for Status Conference (Doc. # 33) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of June, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE