IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OMNIPOL, a.S.,** *et al.*,

      **Plaintiffs,**

-vs-                                              **Case No.:** 8:19-cv-00794-VMC-TGW

**CHRISTOPHER WORRELL,** *et al.*

      **Defendants.**

_____/

## DEFENDANT CHRISTOPHER WORRELL'S MOTION FOR ATTORNEY'S FEES AND COSTS AND SUPPORTING MEMORANDUM OF LAW

Defendant, CHRISTOPHER WORRELL (hereinafter "Defendant" or "Worrell"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 54, 28 U.S.C. § 1927, and M.D. Fla. Local Rule 4.18, moves for an award of reasonable attorney's fees and taxable costs against Plaintiffs, OMNIPOL a.S. (hereinafter "Omnipol") and ELMEX PRAHA, a.S. (hereinafter "Elmex") (collectively, "Plaintiffs") and their Counsel, jointly and severally, and states in support as follows:

1. On April 3, 2019, the Plaintiffs, OMNIPOL, a.S. (hereinafter "Omnipol") and ELMEX PRAHA, a.S., (hereinafter "Elmex") (both plaintiffs collectively hereinafter "Plainttiffs"), filed their initial Complaint against Defendants Multinational Defense Services, LLC; Angelo Saitta; Lisa Saitta; Christopher Worrell; James Brech; Robert Para; Bruan Siedel; Amy Strother; and Kirk Bristol (collectively, "Defendants")

1

alleging Count I for Fraud against all Defendants; Count II for Civil Theft against all Defendants; Count III for Unjust Enrichment against all Defendants; Count IV for "State RICO Violations" against all Defendants Count V regarding federal RICO claims under § 1962(c) against all Defendants; Count VI regarding federal RICO claims under § 1962(d) against all Defendants; and Count VII for "Attorney Fees" against all Defendants.

2. Worrell received no presuit notice of the claims raised by Plaintiffs in this action.

3. Worrell, as well as the other named Defendants who were served, consistently maintained that the initial Complaint in this action was devoid of factual or legal support.

4. Based on Motions to Dismiss filed by Angelo & Lisa Saitta, Christopher Worrell, and Multinational Defense Services, LLC, respectively, the Court dismissed the Complaint without prejudice for being nowhere near the elevated Fed. R. Civ. P. 9(b) standard for pleading fraud along with other deficiencies in pleading under Rule 12(b)(6). (Doc. 70). Plaintiffs' Counsel indicated that they would cure key deficiencies in the Complaint such as including the dates fraudulent statements by Worrell and others were allegedly made, but Plaintiffs failed to do so. *See* Doc. 106 at 44, 60. Instead, on July 26, 2019, Plaintiffs filed an Amended Complaint that was nearly identical to the initial Complaint. *Id.* at 60.

5. After the Court's Order dismissing the initial Complaint without prejudice, Counsel for

Worrell, through undersigned, made numerous attempts to confer with Plaintiffs' counsel as to why the allegations against Worrell were without factual or legal support and offered to informally provide documentation and other evidence substantiating that Plaintiffs did not have a sound factual or legal basis to pursue the claims against Worrell. Counsel for Plaintiffs routinely failed to respond or even acknowledge such invitations and instead proceeded with filing the Amended Complaint, although Plaintiffs did drop three Defendants (Multinational Defenses Services LLC, Angelo Saitta, and Lisa Saitta) without observing the procedure in Fed. R. Civ. P. 41 for doing so.

6. Worrell filed a Motion to Dismiss the Amended Complaint that, combined with other defending parties' motions raising the same or similar arguments, resulted in dismissal of all claims against Worrell with prejudice and without leave to amend. *See generally* Doc. 106.

7. Of the claims raised by Plaintiffs against Worrell, two sound in statutes that allow a prevailing Defendant to recover reasonable attorney's fees in the event the Plaintiffs raised the claims without substantial factual or legal support: the claim for civil theft under Fla. Stat. § 772.11 and the claim for violation of Florida's RICO statute under Fla. Stat. § 895.05.

8. The determination that Plaintiffs' Amended Complaint as to Worrell should be dismissed under Fed. R. Civ. P. 12 operates as a finding that Plaintiffs' claims were

3

without factual or legal support. *See e.g. Skubal v. Cooley*, 650 So. 2d 169, 170 (Fla. 4th DCA 1995). Accordingly, Worrell is entitled to recovery of reasonable attorney's fees from the Plaintiffs because Plaintiffs' claims were dismissed with prejudice based on the determination that they were without substantial factual or legal support.

9. Although only two of the counts in this suit give rise to a statutory basis for fees, as this Court noted in Its Endorsed Order dismissing the initial Complaint (Doc. 59) and the Order Dismissing the Amended Complaint (Doc. 106), all of the counts raised against Worrell sounded in fraud based on a set of facts common to all counts that were governed by Fed. R. Civ. P. 9(b) for pleading fraud. In light of this aspect of Plaintiffs' pleadings, it is impossible or at least impracticable for Counsel for Worrell to allocate reasonable attorney's fees toward one count or another. Worrell would have incurred nearly identical attorney's fees had the Plaintiffs, for example, declined to pursue the common law and Federal RICO claims, instead pursuing only the Civil Theft and State RICO claims under the same set of facts. Accordingly, Worrell and his Counsel are seeking his Counsel's reasonable fees for defense of the entire action which cannot be extricated from defense of the Civil Theft and State RICO claims, which were brought under a common set of facts.

10. In addition to an award of fees from Plaintiffs based on the above reasoning, Worrell is also entitled to an award of fees under 28 U.S.C. § 1927 paid by Plaintiffs' counsel for helming this unreasonable and vexatious litigation against Worrell and his co-

defendants for the reasons discussed in the below memorandum.

11. Worrell entered into a fee agreement with his Counsel for a discounted hourly rate with an alternate fee-recovery clause calling for a higher hourly rate in the event attorney's fees are sought from and awarded by the Court or an opposing party such as the Plaintiffs.

12. Worrell now moves the Court for an award of reasonable attorney fees of $21,539.00.

13. In support of this Motion, Worrell relies upon the Memorandum of Law below and the Declaration of Brian Calciano attached as Exhibit A. Worrell will provide additional supporting documentation upon the Court's request.

## **MEMORANDUM OF LAW**

### I. REASONABLE ATTORNEY'S FEES

#### A. *Fee-Shifting Standard for Plaintiffs' Civil Theft Claim and RICO Claims*

For a civil theft claim under Florida law, "[t]he Defendant is *entitled* to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a claim that was without fact or substantial legal support." Fla. Stat. § 772.11(1) (*emphasis added*). Likewise, for a Florida RICO claim, [t]he defendant *shall be entitled* to recover reasonable attorneys' fees and court costs upon a finding that the claimant raised a claim which was without substantial factual or legal support. Fla Stat § 895.05(7). The dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12 operates as an adjudication that the claims were without substantial factual or legal support. *See Skubal v. Cooley*, 650 So. 2d 169, 170 (Fla. 4th DCA

5

1995). Accordingly, Worrell has a clear entitlement to reasonable attorney's fees per the statutory language of Fla. Stat. §§ 772.11 and 895.05 as to the Civil Theft and Florida RICO claims.

### B. Worrell Is Entitled to Reasonable Attorney's Fees Incurred in Defending the Entire Action.

Worrell is also entitled to reasonable attorney's fees for the entire action because the Civil Theft and Florida RICO claims involve a common core of facts and prosecuted under the same legal theory as common-law claims—moreover, it cannot be shown that Worrell's attorney spent a separate and distinct time on the Civil Theft and Florida RICO claim in relation to the related claims which were part of the same legal theory and held to the same pleading standard under Fed. R. Civ. P. (9)(b).

Where a party is entitled to a fee award for only some of the claims in litigation,

> the trial court must evaluate the relationship between the claims and where the claims involve a common core of facts and are based on related legal theories, a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought or authorized.

*Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, No. 3:10-cv-978-J-37JBT, 2013 U.S. Dist. LEXIS 102089, at *11-12 (M.D. Fla. June 28, 2013) (quoting *Current Builders of Fla., Inc. v. First Sealord Sur., Inc.*, 984 So. 2d 526, 533-34 (Fla 4th DCA 2008)).

In *Mobile Shelter Sys.*, the Middle District of Florida held that the prevailing party should receive an award of fees for litigating a common-law fraud claim because the legal theories behind that claim and the breach of contract claim (which gave rise to prevailing-party

6

fees) were related as both claims sought to hold the successful party to the contract at issue and were "bound together through a common core of facts." 2013 U.S. Dist. LEXIS 102089 at * 12. Likewise, in the instant case, all of Plaintiffs' claims are bound together through a common core of facts that sound in fraud and were directed at holding Worrell personally responsible for his employer's (Purple Shovel's) default on a contract. Worrell's method of defending these claims was common to all the counts in that they all sounded in fraud and failed to meet the heightened pleading standard for fraud allegations based on the facts common to all counts.

By virtue of dismissal, the entire set of claims as to Worrell's participation in a fancifully alleged fraudulent scheme were deemed without substantial factual and legal support based on the Court's dismissal order. Moreover, Counsel for Worrell did not spend a "a separate and distinct amount of time on counts as to which no attorney's fees were sought or authorized" as all work performed on the case was directed at a set of claims unified under a single theory sounding in conspiracy to commit fraud. A review of Counsel for Worrell's time records submitted along with this Motion reveals that it would be impossible or at least impracticable to attempt to allocate billable tasks in this case to individual claims. Accordingly, Worrell is entitled to an award of attorney's fees incurred in successfully defending the entire action, which was without substantial factual or legal support as to Worrell. Accordingly, Worrell respectfully requests an award of attorney's fees based on the fees incurred defending the entire action.

### C. Plaintiffs' Counsel Should Also Be Liable for Reasonable Attorney's Fees Incurred in Defending the Entire Action Because They Instituted and

7

*Maintained Unreasonable and Vexatious Litigation under 28 U.S.C. § 1927.*

Worrell respectfully requests that this Court order Counsel for Plaintiffs to pay an award of reasonable attorney's fees incurred in defending the entire action due to their conduct in unreasonably and vexatiously multiplying the proceedings, which should have been limited to a claim in Purple Shovel's bankruptcy.

Per 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Numerous circumstances in this case exist supporting an award of attorney's fees as sanctions against Counsel for Plaintiffs under § 1927 based on established case law. As an initial matter, this entire action smacks of a transparent attempt to try and hold blameless individuals liable for a bad business deal that the Plaintiffs made with Purple Shovel, which is in bankruptcy. *See e.g. Morrison v. Walker*, 2019 U.S. App. LEXIS 29505 (5th Cir. Oct. 1, 2019) (§ 1927 sanctions properly imposed against attorney for advancing meritless, immunity-barred claim, similar to the instant case with regard to the government contract officers). Instead of simply pursuing available relief available against Purple as a creditor, Plaintiffs elected to try and shakedown innocent individuals by mustering up a fanciful, unfounded, and implausible conspiracy of fraud that had no basis in reality.

As to Worrell, specifically, Plaintiffs Complaint and Amended Complaint raised

numerous facts about Worrell that were patently false and could have been corrected after a very modest amount of due diligence by Plaintiffs' counsel as described in Worrell's first and second Motions to Dismiss. Despite receiving multiple admonitions from Counsel for Worrell and counsel for the co-defending parties about the patently false nature of the allegations, Counsel for Plaintiffs persisted in maintaining a wildly implausible and reputation-damaging conspiracy theory. Due to the application of litigation privilege to Florida common law claims such as defamation, tortious interference, and abuse of process claims—*see e.g. EMI Sun Vill., Inc. v. Catledge*, No. 16-11841, 2019 U.S. App. LEXIS 19507, at *15-17 (11th Cir. June 28, 2019)—Worrell is likely without any Florida common-law remedy against Plaintiffs and their Counsel for the reckless and defamatory abuse of the judicial process in which they engaged. Even if Worrell is awarded fees against the Plaintiffs, his ability to collect against two Czech business entities with limited or no assets in the United States is highly doubtful—such a judgment would ring hollow without additionally holding Counsel for Plaintiffs responsible for instituting and maintaining such an objectively unreasonable set of claims against Worrell. Accordingly, Worrell respectfully implores the Court to remedy the effects of Plaintiffs' and their Counsel's unreasonable and vexatious litigation and deter future abuses by awarding sanctions under § 1927.

Joint and several liability for fees and costs against Plaintiffs' counsel is appropriate under § 1927 where counsel formulated and put the litigation strategy and tactics into motion and junior attorneys carried out the litigation strategy and willingly participated in it. *Avirgan*

*v. Hull*, 125 F.R.D. 189 (S.D. Fla. 1989), aff'd, 932 F.2d 1572 (11th Cir. 1991). A finding of bad faith is required; however, in this Circuit, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct under an objective standard of reasonableness for attorneys. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230 (11th Cir. 2006). The fact that Plaintiffs and their Counsel were admonished at the hearing on the initial Motions to Dismiss that their claims came nowhere near the applicable pleading standard supports a finding of the objective unreasonableness of bringing the claims and executing the litigation strategy that was set into motion by Counsel for Plaintiffs. *See e.g. Indianapolis Colts v. Baltimore*, 775 F.2d 177 (7th Cir. 1985) (fees may be assessed under § 1927 where attorney intentionally filed or prosecuted a claim that lacked plausible legal or factual basis).

Moreover, Plaintiffs and their Counsel have made false statements in prosecuting their case. Aside from the defamatory statements against Worrell and co-defendants identified in Motions to Dismiss, Counsel for Plaintiffs represented at the hearing on the initial Motions to Dismiss that Plaintiffs would file an amended complaint with the exact dates and substance of the alleged fraudulent statements. Instead of doing so, the Plaintiffs and their Counsel filed what was described, in this Court's terms, as allegations that were "nearly identical to the ones the Court found lacking in Plaintiffs' original Complaint." Doc. 106 at 43-44. Instead of seeking leave to drop parties for which it had no factual basis to pursue the claims, Plaintiffs and their Counsel essentially refiled the same allegations while unilaterally and improperly dropping some parties. *See also Olivia v. NBTY, Inc.*, 583 Fed. Appx. 877 (11th Cir. 2014)

(sanctions against attorney affirmed where statements were either knowingly or recklessly false, attorney should have known statements were false, and attorney deviated from conduct of reasonable attorney).

An attorney's knowledge and intent at each step of the case is relevant to the ultimate legal determination that the conduct is objectively reckless or that bad faith is evident for purposes of § 1927. *Amlong & Amlong*, 500 F.3d 1230 (11th Cir. 2006). Counsel for Plaintiffs' conduct concerning Purple Shovel's bankruptcy further demonstrates recklessness and bad faith. Specifically, Plaintiffs and their Counsel initiated this case from the outset by framing it as not a case against Purple Shovel that was subject to bankruptcy stay, additionally arguing that Purple Shovel was not an indispensable party in this case. In contrast to those representations to the Court, Plaintiffs and their Counsel then proceeded to seek virtually all essential discovery in this matter through the bankruptcy court via subpoenas for, for example, all of Worrell's emails while working at Purple Shovel, without providing any advance notice to the litigants in the instant case. Plaintiffs' and their Counsel's conduct in this regard is currently the subject of parallel sanctions proceedings initiated by one or more bankruptcy trustees in Purple Shovel's bankruptcy, but the conduct is also evidence of bad faith for the purposes of an award of fees under § 1927 in the instant case. *See Trulis v. Barton, 67 F.3d 779* (9th Cir.), reprinted, remanded, 107 F.3d 685 (9th Cir. 1995) (finding that trial court abused discretion in failing to award sanctions under § 1927 in suit alleging RICO, fraud, breach of contract, and related claims where party had recklessly maintained suit and

11

disregarded orders from the bankruptcy order thereto); *see also FM Indus. V. Citicorp Credit Servs.*, 614 F.3d 335 (7th Cir. 2010) (sanctions under § 1927 appropriate where plaintiff's lawyer, among other acts, made discovery demands without regard to rules).

As the Middle District of Florida has previously held, § 1927's "purpose is to 'deter frivolous litigation and abusive practices by litigants and to ensure that those who create unnecessary costs bear them.'" *Kaplan v. Burrows*, No. 6:10-cv-95-Orl-35DAB, 2011 U.S. Dist. LEXIS 125653, at *24 (M.D. Fla. Sep. 6, 2011) (quoting *Smartt v. First Union Nat'l Bank*, 245 F.Supp.2d 1229, 1234-35 (M.D. Fla. 2003). Plaintiffs' pleadings as to Worrell were patently without a plausible factual or legal basis, which ultimately led to their dismissal with prejudice as to Worrell. This resulted in unnecessary costs to Worrell in the form of attorney's fees that he will be unlikely to recoup from the Plaintiffs, who are two foreign business entities. However, as demonstrated in this Memorandum, Plaintiffs' Counsel ought to bear responsibility for initiating and maintaining this wildly implausible set of claims, which on their face bore no merit as to any of the defending parties, especially Worrell. The circumstances of Counsel for Plaintiffs' litigation of this matter and the tactics elected demonstrate the kind of objective unreasonableness that supports a finding of bad faith and thus sanctions under § 1927. For these reasons, Worrell respectfully urges the Court to hold Counsel for Plaintiffs' liable jointly and severally for fees and costs identified more particularly below.

### D. Hourly Rates for Attorney Calciano

"When a statute or rule of law permits an award of reasonable attorneys' to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees." *Baker v. Fid. Mortg. Direct Corp.*, 2011 U.S. Dist. LEXIS 44310, at *9 (M.D. Fla. Apr. 25, 2011) (citing *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998)). For purposes of the lodestar calculation, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

Undersigned counsel has been a practicing litigator since his admission to the Florida Bar in March 2014, with prior experience as a litigation paralegal and law clerk. (Exhibit A). Since 2014, he has practiced primarily in the areas of employment and business litigation in federal and state court. He has authored amicus briefs on behalf of the Florida chapter of the National Employment Lawyers Association (Florida NELA) and continuing education presentations for other lawyers and human resource professionals on employment litigation topics for Florida NELA, the St. Petersburg Bar Association, National Business Institute, and other organizations. He has handled numerous cases defending employees against claims of misconduct and tortious behavior brought by their own employers and third parties, serving as

lead legal counsel for both employers and employees. He was recognized as a Rising Star during 2018 and 2019, a distinction given to no more than 2.5% of Florida lawyers by Super Lawyers, a subsidiary of Thomson Reuters. He also has significant experience prosecuting and defending claims of fraud, civil theft, civil remedies for criminal practices, and similar causes of action in the context of business and employment litigation.

For the legal services rendered by the undersigned in this matter, an hourly rate of $350.00 is requested. This rate is consistent with the hourly rates awarded in other cases in the Middle District of Florida for the work of attorneys with similar backgrounds and experience. *See Shelton v. Schar,* No. 5:17-cv-86-Oc-PGBPRL, 2018 U.S. Dist. LEXIS 153812, at *7 (M.D. Fla. Aug. 23, 2018*)* (holding $415/hr reasonable in litigation involving Florida RICO and related claims); *Gray v. Novell, Inc.*, No. 8:06-CV-1950-T-33TGW, 2012 U.S. Dist. LEXIS 127064, at *32 (M.D. Fla. Sep. 6, 2012) (approving rates up to $425 per hour concerning Florida RICO claim); *TemPay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732-T-27AEP, 2013 U.S. Dist. LEXIS 158724, at *8 (M.D. Fla. Oct. 30, 2013) (approving rates up to $375/hr for RICO and fraud claims); *Montgomery v. Larmoyeux*, 14 So. 3d 1067 (Fla. 4th DCA 2009) (affirming $475/hr as reasonable concerning civil theft, fraud, and conspiracy claims; *Prof'l Ctr. for Internal Med. v. Jai Cho*, 2015 Fla. Cir. LEXIS 68699 (Fla. 13th Jud. Cir. Apr. 30, 2015) (approving up to $675/hr for litigation centered on civil theft claims); *Birch v. Birch*, 2016 Fla. Cir. LEXIS 30595 (Fla. 13th Jud. Cir. Apr. Feb. 25, 2016) (approving up to $500/hr for civil theft and related claims); *2002 Irrevocable Tr. ex rel.*

*Hvizdak v. Shenzhen Dev. Bank, Co.*, No. 2:08-cv-556-FtM-36DNF, 2011 U.S. Dist. LEXIS 104554, at *2 (M.D. Fla. Sep. 15, 2011) (approving rates of $400/hr and $350/hr concerning fraud, conspiracy to commit fraud, and related claims).

### E. *Reasonable and Necessary Attorney Hours Spent*

As detailed in the true and accurate time records attached to the Declaration of Brian Calciano (Ex. A), undersigned counsel spent 61.54 hours on this matter. Undersigned submits that the hours spent by him in defense of Worrell concerning Plaintiffs' claims were reasonable and necessary. The hours are limited to essential activities: 1) the initial client consults and fact gathering; 2) legal research; 3) drafting of motions and other court papers; 4) communications with counsel for co-defending parties regarding fact circumstances of the case and strategic matters and with opposing counsel concerning case management, settlement, and related matters; 5) preparation of discovery requests and responses to discovery requests; 6) conferences with Worrell concerning strategy, discovery, cases status, and related matters; 7) interviews with anticipated fact witnesses; 8) investigation and correspondence concerning the availability of insurance coverage for Worrell through his employers' policies; 8) communications with bankruptcy trustee counsel concerning developments in Purple Shovel's bankruptcy, including the issuance of subpoenas, relevant to prosecution and defense of this matter; 9) research and investigation concerning availability of compulsory counterclaims; and 10) preparation of the instant fee motion and supporting documents.

### II. TAXABLE COSTS

As a prevailing party, Worrell is entitled to recover his taxable litigation costs. Fed. R. Civ. P. 54(d). However, due to the disposition of this matter prior to mediation, depositions, and retention of experts, combined with the fact that Worrell was able to coordinate travel for litigation with travel for business and other purposes, Worrell has incurred only negligible costs aside from attorney's fees and has not submitted a bill of costs, accordingly.

WHEREFORE, Plaintiff moves the Court for an award of reasonable attorney fees of $21,539 against Plaintiffs (1) OMNIPOL a.S., (2) ELMEX PRAHA, a.S., and their Counsel, (3) NDH LLC d/b/a NEXUS DERECHOS HUMANOS, (4) MARIO WILLIAMS; (5) DALLAS LEPIERRE, and (6) MARIA-VITTORIA CARMINATI jointly and severally.

Dated: October 31, 2019                              RESPECTFULLY SUBMITTED,

By: /s/ Brian Calciano
Brian Calciano, Esquire
Fla. Bar No. 0108879
BRIAN CALCIANO, PA.
146 2nd St. N., Ste. 310-DD
St. Petersburg, FL 33701
Tel: 727-202-4516
Email: brian@flemploymentlaw.com
Attorney for Defendant Christopher Worrell

**CERTIFICATE OF CONFERRAL PER LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that I contacted Counsel for Plaintiffs, Dallas LePierre, via telephone on October 31, 2019 concerning the relief request in this Motion. At that time, Mr. Lepierre

and I agreed to set a telephone conference the following week during a time when all Counsel for Plaintiffs appearing in this case can participate. I acknowledge my continuing obligations under Local Rule 3.01(g) and will file an updated certificate apprising the Court of the status of the conference after it occurs.

By: /s/ Brian Calciano  
Brian Calciano, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via the CM/ECF portal to all counsel of record this 31st day of October 2019.

By: /s/ Brian Calciano  
Brian Calciano, Esquire