IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OMNIPOL, A.S.,** *et al.*,

        **Plaintiffs,**

-vs-                                         **Case No.:**  8:19-cv-00794-VMC-TGW

**CHRISTOPHER WORRELL,** *et al.*

        **Defendants.**

_____/

## DEFENDANT JAMES BRECH'S
## SUPPLEMENTAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Defendant, James Brech ("**Brech**"), hereby files this supplemental Rule 3.01(g) certification for the Motion for Attorney's Fees and Costs filed by Brech on October 31, 2019 (the "**Motion**") (Doc. 107). A copy of the Motion is attached herein as Exhibit A.

### Local Rule 3.01(g) Certification

As detailed more thoroughly in the Motion, Counsel for Brech was unable to confer with Plaintiffs' counsel prior to filing the Motion despite repeated attempts.

On November 4, 2019, Counsel for Brech was able to speak by phone with Dallas LePierre, counsel for Plaintiffs, who opposed the relief requested in the Motion.

Dated: November 5, 2019.

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant James Brech*

*/s/ Joshua S.M. Smith*
Joshua S.M. Smith, Esq.
Florida Bar No.: 955981
joshua.smith@bipc.com
SunTrust Financial Centre
401 East Jackson Street, Suite 2400
Tampa, FL  33602
Telephone:     (813) 222-8180
Facsimile:      (813) 222-8189

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via the CM/ECF portal to all counsel of record on the 5th Day of November, 2019.

*/s/ Joshua S.M. Smith*
Joshua S.M. Smith, Esq.
Florida Bar No.: 955981

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OMNIPOL, A.S.,** *et al.*,

        **Plaintiffs,**

-vs-                                                 Case No.: 8:19-cv-00794-VMC-TGW

**CHRISTOPHER WORRELL,** *et al.*

        **Defendants.**

_____/

## DEFENDANT JAMES BRECH'S MOTION FOR
## ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 4.18, Florida Statute § 772.11, Florida Statute §772.104, and this Court's October 17, 2019 Order, Defendant, James Brech ("Brech"), moves this Court for an Order awarding his attorney's fees and costs incurred in defense against and securing the dismissal of the first Amended Complaint filed in the above styled action. As grounds, Brech states:

### BACKGROUND

1. On April 3, 2019, the Plaintiffs, Omnipol, a.S. and Elmex Praha, a.S. (collectively the "Plaintiffs"), filed their initial Complaint against Defendants Multinational Defense Services, LLC; Angelo Saitta; Lisa Saitta; Christopher Worrell; James Brech; Robert Para; Bruan Siedel: Amy Strother; and Kirk Bristorl alleging Count I for Fraud; Count II for Civil Theft; Count III for Unjust Enrichment; Count IV for "State RICO Violations"; Count V for federal RICO claims under § 1962(c); Count VI regarding federal RICO claims under § 1962(d); and Count VII for "Attorneys Fees" against all Defendants. (Doc. 1).

2. On July 12, 2019, based on motions to dismiss filed by Angelo and Lisa Saitta (Doc. 9), Christopher Worrell (Doc. 12), and Multinational Defense Services, LLC (Doc. 36), respectively, the Court dismissed the initial Complaint for being nowhere near the elevated Fed R. Civ. P. 9(b) standard for pleading fraud along with other deficiencies in pleading under Rule 12(b)(6). (Doc. 59).

3. At the July 12, 2019 hearing on motions to dismiss the initial Complaint, the Court found Plaintiffs' civil theft allegations to be "speculative" and "conclusory" (Doc. 79 at 21, 33). Further, the Court noted that the state and federal RICO claims were not sufficiently pled because the Complaint was not specific enough regarding the individual Defendants' participation in the alleged fraud. (*Id.* at 47-48).[1]

4. On July 26, 2019, Plaintiffs filed their Amended Complaint against Defendants Christopher Worrell, James Brech, Bryan Seidel, Amy Strother, and Kirk Bristol alleging the same counts as the initial Complaint. (Doc. 70). The Amended Complaint conspicuously "dropped" four parties- Multinational Defense Services, LLC, Angelo Saitta, Lisa Saitta, and Robert Para.

5. To this point, Brech had not been served, and thus had incurred little to no attorneys' fees in defending this action.

6. Brech was served on August 2, 2019 (Doc. 73).

7. On August 23, 2019, Brech filed his motion to Dismiss Plaintiffs' Amended Complaint seeking to dismiss Plaintiff's Amended Complaint for failure to state a cause of

---

[1] These portions of the July 12, 2019 hearing were specifically referenced in the Court's October 17, 2019 Order Granting Brech's Motion to Dismiss the Amended Complaint. (See Doc. 106 at 3).

action. (Doc. 86.) Brech's Motion to Dismiss, amongst other things, pointed to the fact that the Amended Complaint entirely failed to remedy the defects of the initial Complaint.

8. On October 17, 2019, the Court entered an Order granting Brech's Motion to Dismiss, dismissing Plaintiffs' claims against Brech in their entirety without leave to amend. (Doc. 106) (the "Order").

## MEMORANDUM OF LAW

9. Brech's claim for attorneys' fees is based upon two statutory grounds: 1) Florida's Civil Theft Statute § 772.11; and 2) Florida's RICO Statute § 772.104. Further, because all of claims asserted in the Amended Complaint are intertwined and no reasonable distinction can be made between the claims for purposes of a fee award, Brech is entitled to an award of attorneys' fees and costs for his defense of the entire case.

### Civil Theft- Flat. Stat. § 772.11

10. Pursuant to Florida Statute § 772.11(1), defendants in actions for civil theft "are entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." § 772.11(1), Fla. Stat. (2014). Florida's civil theft statute further provides that, "[i]n awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs." *Id.* Thus, the Court's focus is solely on whether the plaintiff alleged a claim with sufficient factual or legal support. *Bronson v. Bronson*, 685 So. 2d 994, 995 (Fla. 5th DCA 1997); *see also Nodal v. Infinity Auto Ins. Co.*, 50 So. 3d 721, 723 (Fla. 2d DCA 2010); *Tangerine Bay Co. v. Derby Road Invs.*, 664 So. 2d 1045, 1047 (Fla. 4th DCA 1995).

11. Significantly, Florida courts have interpreted the legislative intent of § 772.11(1) as to discourage civil theft claims lacking either legal or factual substance. *See Bronson*, 685 So. 2d at 995; *Ciaramello v. D'Ambra*, 613 So. 2d 1324, 1325 (Fla. 2d DCA 1991). Accordingly, the standard for awarding attorney's fees under § 772.11(1) is less stringent than the standard articulated under Florida Statute § 57.105. *See Nodal*, 50 So. 3d at 723; *Bronson*, 685 So. 2d at 995; *Ciaramello*, 613 So. 2d at 1325. Equally important, § 772.11(1) "does not state that the determination of substantial fact or legal support must be made after some particular point in time in the proceedings." *Tangerine Bay Co.*, 664 So. 2d 1045, 1047 (Fla. 4th DCA 1995) (reversing trial court's denial of attorney's fees under § 772.11 after plaintiff voluntarily dismissed civil theft claim); *see also Rogers v. Nacchio*, No. 05-60667-CIV-COHN/SNOW, 2007 WL 1064314, *1, *3 (S.D. Fla. Apr. 6, 2007) (adopting recommended order granting attorney's fees under § 772.11(1) after dismissing civil theft claim upon defendants' motion for failure to state a claim).

12. Here, the civil theft claim alleged in Plaintiffs' Amended Complaint was brought against Brech without any legal support. Section 772.11 expressly requires that, "[b]efore filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section." § 772.11(1), Fla. Stat. In Plaintiffs' Response to Brech's Motion to Dismiss, they admit that they failed to satisfy this requirement (Doc. 95 at 17-18).

13. Further, the civil theft claim alleged in Plaintiffs' Amended Complaint was brought against Brech without any factual support. The Court's Order states the "bare-bone allegations" in the civil theft claim fail to meet the heighted pleading standards under rule 12(b)(6), must less the heighted standard under Rule 9(b) used to scrutinize civil theft claims

4

sounding in fraud. (Doc. 106 at 39-40). The Order also notes that the allegations in the Amended Complaint regarding civil theft are "conclusory and speculative." (Id. at 40).

14.     Significantly, that is the *exact same* language that the Court used to describe the civil theft claims some three months earlier during the July 12, 2019 hearing on the motions to dismiss the initial Complaint. Ultimately, the Court's October 17, 2019 Order pointed to that hearing in denying Plaintiffs' leave to amend:

> at the July 12, 2019, hearing on the original motions to dismiss, the Court explicitly explained what it found lacking in Plaintiff's original Complaint … Despite Promising that it would amend the complaint … and would fix the overall deficiencies the Court pointed out, Plaintiffs filed an Amended Complaint that is nearly identical to the original Complaint.

Doc. 106 at 59-60.

15.     Therefore, given the fact that Brech was not served until after the initial Complaint was dismissed, Brech's participation in this Action was spent, in its entirety, defending claims presented in the Amended Complaint that the Plaintiffs *knew* were both legally and factually deficient.

16.     Accordingly, Brech is entitled to an award of its attorney's fees and costs incurred pursuant to § 772.11(1).

### State Rico- Flat. Stat. § 772.104

17.     The grounds for awarding attorneys' fees under the State RICO claim are essentially the same as those discussed above in regards to civil theft: the Plaintiffs were provided with instructions during the July 12, 2019 hearing on what was required to sufficiently state a claim and subsequently filed an Amended Complaint that was "nearly identical" to the original Complaint.

5

18.     "The consequences to anyone of being accused of racketeering are dire." *Carousel Foods of America, Inc. v. Abrams & Co., Inc.,* 423 F.Supp.2d 119 (S.D.N.Y. 2006).  As courts in many jurisdictions have recognized, "[T]he mere assertion of a RICO claim…has an almost inevitable stigmatizing effect on those named as defendants."  *Id. (*citations omitted). Consequently, states such as Florida allow for the recovery of attorney's fees and costs to successful defendants where plaintiffs file frivolous civil RICO claims.

19.     Where a RICO claim is filed by a plaintiff "without substantial factual or legal support," a defendant is entitled to recover its fees and expenses.  Fla. Stat. § 772.104  This is especially so where the case is disposed of on the pleadings alone.  *See Foreman v. E.F. Hutton & Co.,* 568 So.2d 531, 532 (Fla. 3rd DCA 1990) (affirming fees under section 772.104 when the case was disposed at the pleadings stage); *Smith v. Viragen, Inc.,*  902 So.2d 187 (Fla. 3rd DCA 1006) (corporation was entitled to an award of attorney fees for defending meritless securities-related state law suit when there was a complete absence of justiciable issue of either law or fact raised in the complaint).  The Court's October 17th Order supports such an award in the instant case.

20.     After describing the Plaintiffs' failure to meet the heightened pleading standards under Rule 9(b), the Court's order notes that "even under the more lenient standards of Rule 12(b) and Rule 8, the Amended Complaint fails" to state a RICO claim. (Doc. 106 at 56). The Court also pointed out that "[a]s to Brech, there are no allegations in the Amended Complaint whatsoever regarding any statements or actions taken by Brech alone." (Id. at 53).

21.     It is apparent that, just like the civil theft claim, the state RICO claim was without substantial fact or legal support.

**Remaining Counts**

22. Attorneys' fees are warranted for Brech's defense of the remaining counts because "[t]he claims were so intertwined that [Brech] is entitled to recover reasonable fees incurred litigating the entire case, as no reasonable distinction can be made between [the claims] for purposes of this award." *Fla. Int'l Univ. Bd. Of Trustees v. Fla. Nat'l Univ. Inc.*, No. 1:13-CV-21604, 2019 U.S. Dist. LEXIS 101714 (S.D. Fla. June 17, 2019).

23. For example, *In Prato v. Hacienda Del Mar*, No. 2:08-CV- 883, 2011 U.S. Dist. LEXIS 97808, at *8 (M.D. Fla. Aug. 31, 2011), plaintiffs argued that the defendant failed to specifically allocate its billing records for the claims that authorize attorneys' fees. However, this Court found that this was not required because all of the claims were clearly intertwined. Accordingly, the court found that the defendant was entitled to attorney's fees and costs of the litigation for the entire case. *Id.* at *9. *See also Anglia Jacs & Co. Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. App. 2002) ("where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought.")

24. All of the remaining counts flow from the same alleged "fraudulent scheme" that form the basis of the Florida civil theft and RICO claims. As a practical matter, all of the attorneys' fees incurred by Brech in defending against the remaining claims would have been necessary had Plaintiffs' sued only under the civil theft and RICO statutes because all of Plaintiffs' claims arose out of the same nucleus of operative facts.

25. Accordingly, Brech is entitled to attorneys' fees and cost for the entire case and will file affidavits in support of the reasonableness of its attorney's fees and costs at the appropriate time.

WHEREFORE, Brech respectfully requests this Court grant this motion; enter an award of attorneys fees and costs as reflected in the affidavits to be filed with the Court; and grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 31st day of October.

**<u>Local Rule 3.01(g) Certification</u>**

The undersigned hereby certifies that counsel for Brech has made the following attempts to confer with counsel for Plaintiffs in good faith to resolve the issues raised by this motion:

- On October 30, 2019, counsel for Brech called Dallas LePierre, Mario Williams, and Maria-Vittoria Carminati, leaving messages for each of them to call back to discuss the relief requested.

- On October 30, 2019, counsel for Brech sent an email to Maria-Vittoria Carminati attempting to schedule a good faith call.

- On October 31, 2019, counsel for Brech again called Dallas LePierre, Mario Willims, and Mari-Vittoria Carminati in an attempt to discuss the relief requested. Mr. Williams was out of the office and Mr. LePierre was in another office; however, the secretary answering the phone was unsure of what the number was to reach him. Ultimately, Counsel for Brech was able to speak with Ms. Carminati; however, she said that although Plaintiffs "were likely to object" to the relief requested, she was not authorized to make the decision and referred back to Mr. LePierre and Mr. Williams.

Despite Counsel for Brech's repeated attempts to reach Plaintiffs' counsel, to date, Plaintiffs' counsel has not answered the phone, returned phone messages, responded to email requests, or otherwise agreed to the relief requested herein. Consistent with the mandate of Rule 3.01(g), Counsel for Brech will continue to contact opposing counsel after filing this Motion

8

and will supplement the Motion promptly with a statement certifying whether or to what extend the parities have resolved the issues.

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant James Brech*

*/s/ Joshua S.M. Smith*
Joshua S.M. Smith, Esq.
Florida Bar No.: 955981
joshua.smith@bipc.com
SunTrust Financial Centre
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Telephone: (813) 222-8180
Facsimile: (813) 222-8189

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email and U.S. Mail on October 31, 2019, on all counsel or parties of record on the Service List below.

## SERVICE LIST

Dallas LePierre
Mario Williams
Maria-Vittoria Carminati
Nexus Derechos Humanos Attorneys
44 Broad Street, NW, Suite 200
Atlanta Georgia 30303-2328
*Attorney for Plaintiffs*

*/s/ Joshua S.M. Smith*
Joshua S.M. Smith, Esq.
Florida Bar No.: 955981

9