**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**OMNIPOL, A.S.,** *et al.*,

        **Plaintiffs,**

**-vs-**                          **Case No.:** 8:19-cv-00794-VMC-TGW

**CHRISTOPHER WORRELL,** *et al.*

        **Defendants.**

_____/

**DEFENDANT JAMES BRECH'S REPLY TO PLAINTIFFS**
**COMBINED RESPONSE TO DEFENDANT WORRELL'S AND**
**DEFENDANT BRECH'S MOTIONS FOR ATTORNEY'S FEES AND SANCTIONS**

Defendant, James Brech ("**Brech**"), through undersigned attorneys, files this reply in support of its Motion for Attorney's Fees and Costs (Doc. 107) ("**Brech's Motion**"), and states:

**BACKGROUND**

Brech's Motion argues that he is entitled to attorneys' fees based on two statutory grounds: 1) Florida's Civil Theft Statute § 772.11; and 3) Florida's RICO Statute § 772.104. Further, because all of the claims asserted in the Amended Complaint are intertwined and no reasonable distinction can be made between the claims for purposes of a fee award, Brech's Motion argues that he is entitled to an award of attorney's fees and costs for his defense of the entire case.

In their response to Brech's Motion (Doc. 113) (the "**Response**"), Plaintiffs make three main arguments against an award of attorney's fees:

1) Brech is not entitled to an award of attorney's fees because there was no explicit finding in the order granting Brech's Motion to Dismiss (Doc. 106) (the "**Order**")

that the civil theft and Florida RICO claims were lacking "substantial factual or legal support."

2) Brech is not entitled to an award of attorney's fees because he did not request fees in his Motion to Dismiss.

3) Brech is not entitled to an award of attorney's fees because Brech's Motion is not supported by an affidavit of fees.

As detailed below, none of these arguments have legal merit.

## MEMORANDUM OF LAW

**I.      Florida's civil theft statute does not require that the determination of substantial fact or legal support be made at a particular point in the proceedings.**

Plaintiffs argue that because the Order did not find that Plaintiffs' claims lacked "substantial factual or legal support," Brech is not entitled to an award of attorney's fees under §772.11. (Response at Section I). This does not preclude the Court from making the determination upon Brech's Motion:

> Section 772.11 does not state that the determination of substantial fact or legal support must be made after some particular point in the proceedings. In *Ciaramello v. D'Ambra*, 613 So. 2d 1324 (Fla. 2d DCA 1991), review denied, 599 So. 2d 654 (Fla. 1992), this court affirmed the trial court's finding***, made after the trial court dismissed the civil theft claim***, that the claim lacked substantial fact or legal support.

*Tangerine Bay Co. v. Derby Rd. Invs.*, 664 So. 2d 1045, 1047 (Fla. 2d DCA 1995) (emphasis added).

The Plaintiffs also argue that Fed. R. Civ. P. 11 case law is informative in determining whether attorney's fees are appropriate after a dismissal of a complaint "because arguably Fed. R. Civ. P. 11 punitive measures are analogous to Fla. Stat. § 772.11" (Response at pg. 3); however,

2

> Florida courts have held that the no "substantial fact or legal support" standard [found in 772.11] is lighter than the standard under Florida Statutes § 57.105, which provides a standard similar to that in Rule 11 of the Federal Rules of Civil Procedures.

*Rogers v. Nacchio*, No. 05-60667-CIV-COHN/S, 2006 U.S. Dist. LEXIS 101855, at *58 (S.D. Fla. June 5, 2006). Accordingly, this Court should not rely on Fed. R. Civ. P. 11 case law in determining entitlement to fees under § 772.11.

## II.     Brech is entitled to attorney's fees under Florida's RICO statute because the Florida RICO count was dismissed with prejudice.

In a similar vein to the arguments presented in response to the claim for attorney's fees under the civil theft statute, Plaintiffs argue that Brech is not entitled to an award of fees under the Florida RICO statute because the Order did not explicitly state that the Florida RICO claim was without substantial fact or legal support (Response at Section II). Plaintiffs assert that "not all Fed. R. Civ. P. 12(b)(6) dismissals are findings of frivolity giving rise to a right of recovery of attorney's fees." (Response at pg. 4). While this may be true, in the context of Florida RICO claims, "the district courts have consistently held that defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice." *Hartford Ins. Co. v. Miller*, 681 So.2d 301, 302 (3d DCA 1996).

## III.     Brech was not required to request attorney's in his Motion to Dismiss.

Plaintiffs argue that Brech waived his ability to recover attorney's fees by waiting until after dismissal to seek them. (Response at pg. 5). Plaintiffs rely on the Florida Supreme Court case *Stockman v. Downs*, 573 So.2d 835 (Fla. 1991) to support their argument that "the absence of a prior pleading containing a claim for attorney's fees is, without an estoppel from conduct or the failure to object, fatal to an award of fees." (Response at pg. 5) (quoting *Coffey v. Evans Properties, Inc.*, 585 So. 2d 960, 962 (Fla. Dist. Ct. App. 1991)).

> However, the holding of Stockman in 1991 does not always apply to statutes awarding attorney's fees for frivolous or unfounded litigation. In the later holding of *Ganz v. HZJ, Inc.*, 605 So.2d 871 (Fla. 1992), the Florida Supreme Court recognized an exception to *Downs* for attorney's fees sought under Fla. Stat. § 57.105. Analogous to § 772.11, § 57.105 provides for an award of attorney's fees where there "Was a complete absence of a justiciable [sic] issue of either law or fact raised by the complaint or defense of the losing party...."

*Capital Factors, Inc. v. General Plastics Corp. (In re General Plastics Corp.)*, 170 B.R. 725, 734 (Bankr. S.D. Fla. 1994) (holding that party was not required to request attorney's fees in a prior pleading under the Florida Civil Theft Statute § 772.11).  Because the *Downs* rule does not apply to attorney's fees under §57.105 or § 772.11, there is no reason that it should apply to the Florida RICO Statute.[1]

## IV.   Brech was not required to submit an affidavit in support of his motion for attorney's fees.

Plaintiffs argue that Brech's Motion should be denied because it is not supported by an affidavit of fees. No affidavit is necessary because Brech's Motion is not seeking a determination of *amount* of fees, rather it seeks determination of *entitlement* to fees. Brech's Motion states that "Brech is entitled to attorney's fees and cost for the entire case and will file affidavits in support of the reasonableness of its attorney's fees and costs at the appropriate time."

District courts regularly grant fee motions while simultaneously ordering the movant to submit an affidavit of fees. *See, e.g., In re Great Lakes Dredge & Dock Co.*, 179 F.R.D. 336, 341 (S.D. Fla. 1997) (granting motion for attorney's fees while requiring that "[defendant] must submit an affidavit of Attorney's Fees within ten days of the date of this Report and Recommendation, wherein a separate determination of reasonableness of attorneys fees shall be

---

[1] Both the Florida RICO and civil theft statute provide that defendant is entitled to attorney's fees and cost "upon a finding that the claimant raise a claim that was without substantial fact or legal support." *See* Fla. Stat. § 772.11(1); Fla. Stat. § 772.104(3).

made"); *Kountze v. Kountze,* No. 2:12-cv-308-FtM-29DNF., 2012 BL 206960 (M.D. Fla. Aug. 14, 2012) (granting § 57.105 motion for fees and requiring the movant to file an affidavit as to his costs and fees within fourteen days of the entry of order.)

WHEREFORE, Brech respectfully requests this Court grant his Motion For Attorney's Fees and Costs; enter an award of attorneys fees and costs as reflected in the affidavits to be filed with the Court; and grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 19th day of December.

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant James Brech*


*/s/ Joshua S.M. Smith*
Joshua S.M. Smith, Esq.
Florida Bar No.: 955981
joshua.smith@bipc.com
SunTrust Financial Centre
401 East Jackson Street, Suite 2400
Tampa, FL  33602
Telephone:    (813) 222-8180
Facsimile:    (813) 222-8189

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served via the CM/ECF portal to all counsel of record on this 19th day of December, 2019.

/s/ Joshua S.M. Smith
Joshua S.M. Smith, Esq.
Florida Bar No.: 955981