UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OMNIPOL, A.S., et al.,

    Plaintiffs,

v.                          Case No. 8:19-cv-794-T-33TGW

CHRISTOPHER WORRELL, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas G. Wilson's Report and Recommendation (Doc. # 122), filed on May 14, 2020, recommending that Defendant James Brech's Motion for attorney's fees and costs (Doc. # 107) and Defendant Christopher Worrell's Motion for attorney's fees and sanctions (Doc. # 109) be granted in part. He recommends that the Motions be granted to the extent that Defendants Brech and Worrell should be awarded their reasonable attorneys' fees and costs incurred in defending against Plaintiffs' Florida civil theft and RICO claims, and that Worrell's attorney's fees should be assessed against Plaintiffs' counsel for the period following dismissal of the original complaint.

1

Plaintiffs Omnipol, a.S. and Elmex Praha, a.S. filed an Objection on May 28, 2020. (Doc. # 125). Brech filed a response to the Objection on June 11, 2020. (Doc. # 126).

Upon review, the Court adopts the Report and Recommendation in part, overrules the Objection in part, grants in part and denies in part Brech's Motion for attorney's fees and costs and grants in part and denies in part Worrell's Motion for attorney's fees and sanctions. Specifically, the Court agrees with and accepts the Report and Recommendation with respect to Brech's and Worrell's entitlement to attorneys' fees and costs on Plaintiffs' Florida civil theft and RICO claims. However, the Court does not believe that sanctions under 28 U.S.C. § 1927 are warranted here.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept,

2

reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

In their Objection, Plaintiffs raise two arguments. First, Plaintiffs contend that the Report and Recommendation should be rejected as to Worrell's Section 1927 claim because the conduct of Plaintiffs' counsel has not met the "high bar for such sanctions." (Doc. # 125 at 2-7). Second, Plaintiffs oppose an award of attorney's fees because their operative complaint was not without factual or legal support. (Id. at 7-15). The Court will address each argument in turn.

**A.   Sanctions Under Section 1927**

Attorneys "who so [multiply] the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The statute's plain language therefore imposes three essential requirements for an award of sanctions under Section 1927: (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) that "unreasonable and vexatious"

3

conduct must be conduct that "multiplies the proceedings"; and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting Peterson v. BMI Refractories, 124 F.3d 1386 (11th Cir. 1997)). The touchstone for whether an attorney has multiplied proceedings "unreasonably and vexatiously" is when the attorney's conduct "is so egregious that it is tantamount to bad faith." Id. (internal quotation marks omitted).

The Eleventh Circuit has made it clear that "bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." Id. Thus, objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently. Id. at 1241. To meet this "high standard," the attorney must "knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." Id. at 1242.

Here, on July 12, 2019, this Court held a hearing on various motions to dismiss Plaintiffs' original complaint. At the hearing, the Court explained that Plaintiffs' civil theft allegations were "speculative" and "conclusory." (Doc. # 79 at 21, 33). The Court further explained that the state and federal racketeering claims were not sufficiently pled

4

because "the Complaint is not specific enough regarding Worrell's involvement in the scheme. [The racketeering counts] lump Christopher Worrell with Benjamin Worrell, Para, and Brech. It's too difficult to determine what Mr. Worrell actually did based on the facts alleged, and not enough specificity is provided regarding the time, place, and manner of the allegedly fraudulent scheme." (Id. at 47-48). The Court warned Plaintiffs that, to survive another motion to dismiss, an amended pleading would need to identify certain key information, including when certain money transfers occurred. (Id. at 46-47). Plaintiffs' counsel responded that they would re-plead with "those exact dates." (Id. at 47). Yet, the amended complaint did not contain these dates or, as explained in the Court's order dismissing the amended complaint, other pertinent and plausible allegations necessary for the claims to survive.

Plaintiffs' counsel represented at the July 12, 2019, hearing that Plaintiffs were attempting to get certain information from the Department of Defense and so some of these facts were outside of Plaintiffs' reach. (Doc. # 79 at 43-44). In their response to the motions to dismiss, Plaintiffs again represented that they could not provide greater specificity in the amended complaint because the

5

information they needed was peculiarly within the Defendants' grasp and that Defendants were obstructing their access to such information — an argument that they repeat in their Objection. See (Doc. # 87 at 14) ("The contracts in question are not classified, per se, but controlled non-public information that Plaintiffs do not have access to."); (Doc. # 125 at 3-4) (discussing Plaintiffs' efforts to retrieve the relevant information, which were allegedly "thwarted" by the Purple Shovel bankruptcy trustee, along with a Freedom of Information Act request to the relevant government agency that was "resisted until shortly after the Dismissal Order was entered"). Plaintiffs therefore attempted to argue in their response to the Rule 12(b)(6) motions that the Court should employ Rule 9(b) more leniently, an argument this Court ultimately rejected.

While Plaintiffs' counsel's decision to file the amended complaint without the additional information was a questionable and misguided tactic, the Court does not find that counsel acted in bad faith, as required to meet the high standard for the imposition of sanctions. See Amlong, 500 F.3d at 1242 ("[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions – the

6

attorney must knowingly or recklessly pursue a frivolous claim.").

Here, the Court acknowledges that Plaintiffs made a good-faith argument in their response to the motions to dismiss that Rule 9(b) ought to be applied leniently because the dates and other information were outside of their possession. This argument was ultimately unsuccessful, but that does not mean that Plaintiffs knowingly or recklessly pursued a frivolous claim. See Bertin v. Zadok Real Estate Holdings, LLC, No. 10-24508-CIV, 2012 WL 13012463, at *9–10 (S.D. Fla. Feb. 3, 2012), report and recommendation adopted, No. 10-24508-CIV, 2012 WL 13012422 (S.D. Fla. Feb. 23, 2012) (concluding that Section 1927 sanctions not appropriate where counsel's "actions were not wholly without merit"). In its Order, this Court rejected Plaintiffs' position that Rule 9(b) should be relaxed or that Plaintiffs had adequately alleged their various causes of action, finding that there was no merit to Plaintiffs' position. However, "[s]omething more than a lack of merit is required for [Section] 1927 sanctions or they would be due in every case." McMahan v. Toto, 256 F.3d 1120, 1129 (11th Cir. 2001); see also Hodges v. Publix Super Markets, Inc., 372 F. App'x 74, 78-79 (11th Cir. 2010) (rejecting Section 1927 sanctions where district

7

court dismissed second cause of action on res judicata grounds because the plaintiff's unsuccessful opposition "does not necessarily render his argument frivolous, unreasonable, or without foundation"). In sum, the Court disagrees with Judge Wilson's conclusion that counsel's conduct was tantamount to bad faith in this case, as necessary to impose sanctions under Section 1927. See Amlong, 500 F.3d at 1239. Accordingly, to the extent Worrell's Motion seeks Section 1927 sanctions against Plaintiffs' counsel, his Motion is denied.

### B. Entitlement to Attorneys' Fees

Worrell and Brech seek recovery of attorneys' fees and costs under Florida's civil theft statute, which provides that "[t]he defendant is entitled to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a [civil theft] claim that was without substantial fact or legal support." Fla. Stat. § 772.11. They also seek attorneys' fees related to Plaintiffs' allegations of fraud and racketeering in violation of the Florida RICO Act, which requires a similar showing – that "claimant raised a claim which was without substantial fact or legal support." Fla. Stat. § 772.104(3).

Upon due consideration of the record, including Judge Wilson's Report and Recommendation as well as Plaintiffs'

8

Objection thereto, the Court overrules the Objection as to Defendants' entitlement to attorneys' fees and costs incurred with respect to Plaintiffs' Florida civil theft and Florida RICO Act claims. The Court agrees with Judge Wilson's detailed and well-reasoned findings of fact and conclusions of law with respect to this part of the Defendants' Motions. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation. The Objection reads as an impermissible motion for reconsideration of the Court's order dismissing the amended complaint, raising arguments and points that this Court has already considered and rejected.

Accordingly, Brech and Worrell will be awarded their reasonable attorneys' fees and costs incurred in defending against the Florida civil theft and RICO claims.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 122) is **ADOPTED** in part.

(2) Defendant James Brech's Motion for attorney's fees and costs (Doc. # 107) is **GRANTED IN PART**, and Defendant Christopher Worrell's Motion for attorney's fees and sanctions (Doc. # 109) is **GRANTED IN PART.** Specifically,

the Motions are granted to the extent that Brech and Worrell are awarded their reasonable attorneys' fees and costs incurred in defending against the Florida civil theft and RICO claims.

(3) Worrell's Motion is **DENIED** with respect to his request for sanctions pursuant to 28 U.S.C. § 1927.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of July, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE