# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

OMNIPOL, A.S., *et al.*,

     Plaintiffs,

v.                                        CASE NO. 8:19-cv-794-VMC-TGW

CHRISTOPHER WORRELL, *et al.,*

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Defendant/Appellee Christopher Worrell filed a Motion for Attorney's Fees (Doc. 165). The motion was referred to me.

Worrell requests reimbursement of $10,150.00 in attorney's fees he incurred in successfully defending against the plaintiffs' appeal of the district court's Order dismissing the amended complaint with prejudice. The plaintiffs/appellants did not file a response in opposition to this motion.

The defendant has identified a statutory basis for an award of attorney's fees. Furthermore, the hourly rate is reasonable. Moreover, with two exceptions, the number of hours is not patently unreasonable and, as

indicated, the hours are uncontested. I therefore recommend that the Motion of Appellee Christopher Worrell for Attorney's Fees (Doc. 165) be granted in the amount of $9,870.00.

I.

The plaintiffs brought this lawsuit against Christopher Worrell ("defendant," "appellee") and others, asserting claims of fraud, civil theft, unjust enrichment and violations of Florida and federal racketeering laws. The claims relate to the defendant's former employer's alleged failure to pay the plaintiffs nearly $3 million on a contract to supply ammunitions to SOCOM (The U.S. Special Operations Command) (see Doc. 70).

The district court, in a comprehensive 61-page Order, granted the defendant's motion to dismiss the amended complaint with prejudice because none of the claims met the pleading requirements of Rule 9(b), Fed.R.Civ.P. (Doc. 106). Additionally, the court granted the defendant's Motion for Attorney's Fees and Costs under Florida's civil theft and Florida RICO statutes because the claims lacked substantial fact or legal support (Docs. 139, 154).

The plaintiffs appealed the district court's dismissal of the claims against Worrell in their amended complaint (see Doc. 162). The Eleventh Circuit Court of Appeals affirmed the district court's determination

that none of the claims against the defendant met minimum pleading requirements (id.). Judgment was therefore entered in favor of the defendant and against the plaintiffs (Doc. 163).

The defendant, in accordance with Rule 39-2, U.S.C.A. 11th Cir., then filed in the Eleventh Circuit a Motion for Appellate Attorney's Fees (Doc. 165).[1] The motion was transferred to this court (Doc. 164). Thereafter, the motion was referred to me (Doc. 166).

## II.

The defendant seeks a declaration of his entitlement to, and an award of, appellate attorney's fees under Florida's civil theft and Florida RICO attorney's fees provisions (Doc. 165, p. 9).

Florida's civil theft remedies statute, Fla. Stat. §772.11(1), pertinently provides:

> The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs.

Florida's RICO remedies provision contains the same standard. Fla. Stat.

---

[1] The page numbers refer to the pagination assigned by the CM/ECF docketing system.

§772.104(3).[2]

The district court determined that the plaintiffs' Florida civil theft and Florida RICO claims against the defendant were without substantial factual or legal support (see Docs. 122, 127). Furthermore, the Eleventh Circuit affirmed the dismissal of those claims on the grounds stated by the district court (Doc. 162). Therefore, the finding that the plaintiffs' Florida civil theft and Florida RICO claims against the defendant were without substantial factual or legal support applies to the plaintiffs' appeal. Moreover, the plaintiffs/appellants failed to file a response to this motion, so that finding is unchallenged. See Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Accordingly, the defendant/appellee has established that he is entitled to an award of his reasonable attorney's fees incurred in defending the plaintiffs' appeal of the district court's dismissal of their Florida RICO and Florida civil theft claims.

## II.

Florida has adopted the federal lodestar approach as the

---

[2] The plaintiff cites to Fla. Stat. §895.05 in support of an award of attorney's fees related to the Florida RICO claim (Doc. 165, p. 9). That statute applies to the "Florida criminal RICO" Act. Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1334 n.18 (11th Cir. 1998). The appropriate attorney's fee provision here is Fla. Stat §772.104, a provision of the "Florida civil RICO" Act. See id. Therefore, the court herein will refer to Fla. Stat. §772.104 in connection with that claim.

foundation for setting reasonable fee awards.   Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); Bell v. U.S.B. Acquisition Co., Inc., 734 So.2d 403, 406 (Fla. 1999). This method requires the court to determine a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. Bell v. U.S.B. Acquisition Co., Inc., supra, 734 So.2d at 406.

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." Id. (citations omitted).

Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

Furthermore, fee applicants are required to exercise "billing judgment." Id. at 428. If they do not exclude "excessive, redundant, or otherwise unnecessary hours" the court must exercise billing judgment for

5

the applicant. Id. The fee opponent "has the burden of pointing out with specificity which hours should be deducted." Centex–Rooney Const. Co., Inc. v. Martin County, 725 So.2d 1255, 1259 (Fla. App. 1999).

After the lodestar is determined, the court may consider an adjustment for results obtained. Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). However, there is a "strong presumption" that the lodestar is a reasonable fee. Bivins v. Wrap It Up. Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

The Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "The essential goal ... is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011).

A.    Reasonable Hourly Rates.

The lodestar equation requires the court to determine first a "reasonable" hourly rate for the services of the prevailing party's attorney. The party who seeks the fees carries the burden of establishing the prevailing "market rate," i.e., the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services. Florida Patient's Compensation Fund v. Rowe, supra, 472 So.2d at 1150–51.

6

Furthermore, "the court ... is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (citation omitted); see also Dial HD, Inc. v. ClearOne Communications, 536 Fed. Appx. 927, 930 (11th Cir. 2013).

Defense counsel Brian Calciano seeks an hourly rate of $350.00 (Doc. 165, p. 14). He avers that this "is consistent with the hourly rates awarded in similar cases in the Middle District of Florida for attorneys of comparable skill and experience" (id., p. 22, ¶10). I agree.

Calciano has been a member of the Florida Bar since March 2014 (id., p. 19, ¶3). He has several years of experience working in labor and employment law firms and has also been a solo practitioner (id., pp. 19-20 ¶¶5, 6). He states that he developed unique and "extensive practical experience representing employees in litigation ... often as the sole attorney or first chair," including defending clients in "multi-million dollar lawsuits involving a hybrid of employment law claims and business torts" (id., ¶5; see also id., ¶¶7, 8).

Importantly, the plaintiffs have not objected to the hourly rate.

7

Furthermore, the requested rate is clearly reasonable considering counsel's experience, the type of litigation, and the completely successful outcome for his client.  See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 ("The court ... is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees."). Therefore, I recommend that Calciano be awarded the requested hourly rate of $350.00.

B.    Reasonableness of the Number of Hours Expended.

The second part of the lodestar equation is the determination of the number of hours reasonably expended on the Florida RICO and Florida civil theft claims.   The defendant seeks compensation for 29 hours of appellate work performed by Calciano, who avers that these hours "were necessarily and reasonably expended in defense of Christopher Worrell in this action" (Doc. 165, p. 22, ¶¶12, 13).

Defense counsel states that the "hours are limited to essential activities" comprised of:

> 1) interviews and conferences; 2) legal research; 3) drafting of motions, briefs and other court papers; 4) communications with counsel for co-defending parties regarding circumstances of the appeal and strategic matters and with opposing counsel concerning case management, settlement, and related matters; 5) preparing for and attending oral argument[;] 6) communications with [the

8

defendant] concerning strategy[,] cases status, and related matters; 7) obtaining and reviewing records regarding the appeal; 8) preparation for and attendance at mediation regarding the appeal; 9) communications to media outlet who, after covering the oral argument proceedings in this matter, inaccurately and publicly referred to Worrell as the CEO of Purple Shovel, which statement tended to be defamatory per se given the allegations against Purple Shovel made by Appellant and needed to be corrected; and 10) preparation of the instant fee motions and supporting documents.

(id., pp. 15-16). In addition to counsel's affidavit regarding the necessity of the hours worked, he submitted time sheets outlining the work for which he seeks reimbursement (id., pp. 25-33).

As indicated, the plaintiffs did not file an opposition to this attorney's fee motion and, therefore, they have failed to satisfy their "burden of pointing out with specificity which hours should be deducted." Centex–Rooney Const. Co., Inc. v. Martin County, supra, 725 So.2d at 1259. In this circumstance, it is not the court's role to advocate for the fee opponent. Cent. Fla. Sterilization, LLC v. Synergy Health AST, LLC, No. 6:15-cv-2120-Orl-31TBS, 2017 WL 4465744 at *2 (M.D. Fla. Sept. 20, 2017) (When a party fails to respond to an attorney's fee motion, that is an indication that the motion is unopposed and the court may grant the relief requested on this basis.); cf. Hensley v. Eckerhart, supra, 461 U.S. at 437 (The Eleventh

Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation."). On the other hand, the court may only award a "reasonable" attorney's fee. Fla. Stat. §772.104(3); §772.11(1); see also Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1301. Therefore, in balancing these considerations, it is appropriate to deduct from the fee award time that is patently unreasonable to charge the appellants.

There are two time entries that clearly do not qualify as "reasonable attorney's fees ... in the ... appellate court." See Fla. Stat. §772.11 (1); 772.104(3). First, the defendant seeks .4 hours for counsel's

> [r]eview and reply [to] client messages re:
> courthouse news.com article, review of article;
> contact courthouse news via phone, follow up with
> email demanding retraction of CEO reference.

(Doc. 165, p. 26, entry 3/10/2021). This entry does not reflect work reasonably attributable to the defense of the Florida RICO or Florida civil theft claim. Indeed, the defendant explains that it relates to a media outlet's inaccurate reporting of oral argument in this case (id., p. 16). Therefore, I recommend .4 hours ($140.00) be deducted for this time entry.

Additionally, I recommend the deduction of .4 hours for counsel's

> [p]hone conference w/client re: hearing on motion
> for fees, appellate briefing schedule, jx question,
> and related matters.

(id., p. 33, entry 1/13/2020). That hearing concerned attorney's fees incurred in the district court (see Docs. 119, 120). Further, the "jx question and related matters" is too vague to discern what work was performed. Accordingly, I recommend that .4 hours ($140.00) be deducted.

Finally, as the defendant acknowledges, "only two of the counts in this suit give rise to a statutory basis for fees" (Doc. 165, p. 7, ¶11). Thus, the claims of common law fraud, unjust enrichment and federal racketeering laws are not subject to fee-shifting. The defendant contends, however, that he is entitled to fees for defense of the entire appeal because "it was impossible or at least impracticable for [counsel] ... to allocate reasonable attorney's fees toward one count or another" (id.).

As United States District Judge Marcia Morales Howard discussed in Durden v. Citicorp Trust Bank, FSB, 763 F.Supp.2d 1299, 1306 (M.D. Fla. 2011) (citations and quotation marks omitted):

> Where ... a party is entitled to an award of fees for
> only some of the claims involved in the litigation,
> i.e., because a statute or contract authorizes fees

11

> for a particular claim but not others, the trial court must evaluate the relationship between the claims to determine the scope of the fee award.
>
> If the claims involve a "common core" of facts and are based on "related legal theories," a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought or were authorized.

See Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159, 1167 n.3 (11th Cir. 2017) (When compensable and non-compensable claims "are intertwined and share a 'common core' of facts or a related legal theory, then a reasonable fee is allowed as to all hours expended on [the] claims.").

In this connection, defense counsel elaborates that he (Doc. 165, p. 12):

> ... did not spend "a separate and distinct amount of time on counts as to which no attorney's fees were sought or authorized" as all work performed on the case was directed at a set of claims unified under a single theory sounding in conspiracy to commit fraud. ... [I]t would be impossible or at least impracticable to attempt to allocate billable tasks in this [appeal] to individual claims.

Importantly, the plaintiffs do not challenge the defendant's assertion that it is impracticable to segregate the appellate work by claim and, therefore, they certainly do not suggest a reasonable reduction of

12

attorney's fees on this basis. Furthermore, although the defendant's attorney's fee request in the district court was reduced for distinct work on non-compellable claims (see Docs. 139, 154), the majority of the appellate work was brief writing based on a common core of facts and related fraud legal theories, which is more difficult to segregate. I therefore recommend that no additional reductions be made to the claimed hours.

The last consideration is whether an adjustment of the lodestar is warranted. See Bivins v. Wrap It Up. Inc., supra, 548 F.3d at 1350. As indicated, there is a strong presumption that the lodestar is a reasonable fee. Id. Here, no adjustment of the lodestar is requested by either party, and there is no apparent basis for one.

In sum, based upon my review of the time records and Orders of the district court and Eleventh Circuit, and considering my own experience evaluating fee motions, I recommend that the defendant be awarded $9,870.00 as reasonable attorney's fees for defending the appeal of the district court Order dismissing the plaintiffs' Florida RICO and Florida civil theft claims. This is a reduction of $280.00 from the defendant's requested amount.

## V.

For the foregoing reasons, I recommend that Appellee

13

Christopher Worrell's Motion for Attorney's Fees (Doc. 165) be granted to the extent that he be awarded $9,870.00 for his reasonable appellate attorney's fees.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED:  DECEMBER 19, 2022.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.   28 U.S.C. 636(b)(1)(C).   Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.